UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>THOMAS LEE RICHARD,<br><br>　　　　　Defendant. | CR. 15-50080-JLV<br><br>ORDER |

**INTRODUCTION**

Defendant Thomas Lee Richard, through retained counsel, filed a motion for compassionate release. (Docket 97). Pursuant to the May 1, 2020, Standing Order 20-06, the United States Attorney for the District of South Dakota filed records, submissions, and briefing on Mr. Richard's motion. (Dockets 98, 99 and 103). Defendant filed a reply brief, together with an exhibit. (Dockets 104 and 104-1). For the reasons stated below, defendant's motion is denied.

**STANDING ORDER 20-06**

Standing Order 20-06,[1] captioned "Establishing a Procedure for Compassionate Release Motions Under the First Step Act," put in place a procedure for submission and consideration of compassionate release motions under the First Step Act, 18 U.S.C. § 3582(c)(l)(A), in the wake of the spread of

---

[1]See https://www.sdd.uscourts.gov/so2006 ("SO 20-06").

the COVID-19 virus into the federal prison system. (SO 20-06 at p. 1). While Mr. Richard has retained counsel, the order contemplates that counsel and the government will comply with the obligations assigned by the order.

By the standing order, counsel are required "to place [the defendant] into one of four categories[.]" Id. at p. 2 ¶ 4. Those categories are:

    a.    High Priority Cases where there exists some combination of: (i) medical issues that correspond to the categories outlined in the commentary to U.S.S.G. § l.B.1.13; (ii) recognized COVID-19 risk factors in the inmate's medical history; and/or (iii) imprisonment in a federal facility known to have a serious COVID-19 outbreak in its population. . . .

    b.    Intermediate Priority Cases where identified medical issues and/or COVID-19 risk factors and/or institutional concerns are less extreme than High Priority Cases.

    c.    Low Priority Cases where there are no identifiable medical issues or COVID-19 risk factors.

    d.    Unknown Risk Cases where there is a lack of sufficient information to categorize the request for compassionate release.

Id. Counsel are required to "immediately report the categorization . . . to the Clerk of Court and the Probation Office." Id.

## MR. RICHARD'S CLASSIFICATION

The government filed a notice designating Mr. Richard's case as an Intermediate Priority case. (Docket 98).

## FACTUAL BACKGROUND

On October 4, 2016, Mr. Richard was sentenced to a term of imprisonment of 293 months for transportation of a minor with intent to

2

engage is criminal sexual activity in violation of 18 U.S.C. § 2423(a).  (Docket 81).   He was ordered to pay restitution of $3,707.07 to B.D., the victim of the offense.  Id. at p. 5.  The presentence report ("PSR") calculated Mr. Richard's total offense level as 34 and a criminal history category of V, resulting in a guideline imprisonment range of 235 months to 293 months.   (Docket 73 ¶ 60).  A mandatory minimum term of 10 years and a maximum term of life applied to a conviction under § 2423(a).  Id. ¶ 59.  Mr. Richard was sentenced within the guideline range of imprisonment.   (Docket 81).

     Mr. Richard is currently an inmate at the Lewisburg Federal Correctional Institution ("FCI"), a medium security facility with an adjacent minimum-security satellite camp, in Lewisburg, Pennsylvania.  See https://www.bop.gov/inmateloc/ (last checked June 9, 2023).  The total inmate population at the FCI Lewisburg medium security facility is 701 persons.  Id.  As of June 9, 2023, FCI Lewisburg reports 557 of 954 inmates have been fully vaccinated, there are no current COVID-19 open cases and there have been no deaths.  https://www.bop.gov/about/statistics/statistics_inmate_covid19. jsp#lastestCovidData (last visited June 12, 2023).

     Mr. Richard's scheduled release date is April 16, 2036.  (Docket 99 at p. 455).  Under his current status in the BOP, his home detention eligibility date is October 15, 2035.  Id.  As of this date, Mr. Richard has served about 38.4 percent of his sentence.  Id. at p. 456.  Mr. Richard is 57 years old.  Id. at 455.

## MR. RICHARD'S MOTION

Mr. Richard's motion seeks compassionate release for extraordinary and compelling reasons based on his age and personal health conditions coupled with the COVID-19 pandemic. (Docket 97 at p. 1). Mr. Richard alleges he has several conditions that place him at greater risk for a serious illness if he contracts COVID-19, including "type-two diabetes . . . hyperlipidemia . . . hypertension . . . . [and] obesity." Id. at pp. 1 and 3.

Mr. Richard's medical records confirm the following current medical conditions:

- Type 2 diabetes. (Docket 99 at p. 13);
- Hyperlipidemia[2]. Id.;
- Essential (primary) hypertension. Id.
- Obesity, with a body mass index ("BMI") of 31.0-31.9.[3] Id.

As of August 2021, Mr. Richard was prescribed metFORMIN HCl (1000 mg. twice daily) and glipiZIDE (5 mg. twice daily) for his diabetes, Atorvastatin (80 mg. daily) for treatment of his diabetes and hyperlipidemia and Lisinopril (20 mg. daily) for hypertension. Id. at p. 25.

---

[2]High cholesterol.

[3]A person is classified as obese with a BMI of 30 or greater. See Adult BMI Calculator, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator.html (last checked June 12, 2023). Mr. Richard's BMI fluctuated between 35.0-35.9 and 32.0-34.9 during the period of December 2017 through November 2020. (Docket 99 at p. 14).

On January 6, 2022, Mr. Richard was placed in isolation due to a positive COVID-19 test.  Id. at p. 8.  He was removed from isolation on January 13, 2022, because he did not exhibit any "progression of symptoms." Id. at p. 1.

Mr. Richard seeks compassionate release because "[t]he aging process has resulted in a general deterioration of his physical condition, as is evidenced by his cardiac conditions and other ailments."  (Docket 97 at p. 11).  "[A]s an older and sick person," he argues "continued incarceration in a Bureau of Prisons facility would place [him] at an unacceptable risk of death or serious injury."  Id.  Reducing his incarceration to a time served sentence, Mr. Richard states, will "best achieve [18 U.S.C.] § 3553(a)'s directive to impose a sentence that is 'sufficient but not greater than necessary.' "  Id. at pp. 11-12.  That is, Mr. Richard contends he is a "low risk of recidivism" and his "release would pose no danger to the community."  Id. at p. 12.  If released, Mr. Richard plans to live with a close friend in California and submit to electronic monitoring if the court deems that necessary.  Id.

## UNITED STATES' OPPOSITION

The government opposes Mr. Richard's motion for compassionate release.  (Docket 103).  First, the government argues Mr. Richard's motion should be denied because he already tested positive for COVID-19 and the condition has resolved.  Id. at p. 3.  Prior to testing positive, Mr. Richard "refused the Moderna vaccine on April 7, 2021."  Id. (referencing Docket 99 at p. 94).  The

5

government acknowledges Mr. Richard's medical record indicates a history of COVID-19 vaccinations, id. (referencing Docket 99 at pp. 64 & 74), but does not refer the court to any record showing the actual administration of a COVID-19 vaccine.

Second, the government argues Mr. Richard does not provide any supporting information to sustain his claim that he "cannot self-care while incarcerated." Id. at p. 7 (referencing Docket 97 at p. 2). "Notably absent from [the defendant's] motion is any assertion that the BOP is not providing him with adequate medical care. . . . The medical records do not support that Richard is unable to provide self-care." Id. at pp. 7-8 (internal citation and quotation marks omitted).

The government also opposes Mr. Richard's motion for compassionate release because of § 3553(a). The government reminds the court that Mr. "Richard has several prior sex-related convictions." (Docket 103 at p. 15). Those include "a felony for oral copulation and sodomy with a minor victim, two felony convictions for sexual battery, as well as a felony conviction for failing to register as a sex offender." Id. at pp. 14-15 (referencing Docket 73 ¶¶ 27-30). The government contends requiring the defendant "to serve the full sentence imposed promotes respect for the law, provides just punishment for the offense, and protects the public from him." Id. at pp. 15-16. "[C]onsidering the totality of circumstances under § 3553," the government concludes defendant's motion should be denied." Id. at p. 16.

6

In reply, Mr. Richard contends his medical records support his claim that his "vision compromise[es] his ability to provide self-care, the pain that he is suffering from a tear to his rotator cuff or rupture to his shoulder, polyosteoarthritis in his spine, AC joint and rotator cuff tendon to greater tuberosity of humerus, and calcific tendinitis of shoulder, are also compromising his ability to provide self-care, exercise, and work."  (Docket 104 at p. 3) (referencing Docket 99 at pp. 13, 26, 39, 82, 191, 280, 340 & 404). "Due to the chronic pain that [he] is suffering from his old injuries, obesity, and other underlying ailments," Mr. Richard argues " he is unable to adequately provide self-care to control his diabetes, he is unable to provide self-care to prevent contracting COVID-19, and he is unable to care for himself if he does." Id.  "Despite the fact that some of [his] health conditions may be controlled with medications," Mr. Richard submits "he is still at an increased risk of developing serious complications from COVID-19 if contracted."  Id. at p. 4.

## ANALYSIS

**Administrative Exhaustion**

Section 3582(c) permits the district court to consider a prisoner's request for compassionate release after he exhausts the administrative remedies mandated by the statute.

> [T]he court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved

7

> portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

The court finds Mr. Richard exhausted the administrative relief provision contemplated by § 3582(c)(1)(A).  Mr. Richard submitted a request for compassionate release to the warden of USP Lompac, California, on May 20, 2021, but did not receive a response.  (Docket 104 at pp. 1-2) (referencing Docket 104-1).  The 30-day period contemplated by § 3582(c)(1)(A) began to run from the date Mr. Richard's request was received by the warden.  Mr. Richard completed the administrative process contemplated by the statute, and his motion is subject to review on the merits.

**Extraordinary and Compelling Reasons**

Compassionate release provides a narrow path for defendants with "extraordinary and compelling reasons" to leave prison early. 18 U.S.C. § 3582(c)(1)(A)(i).  Such a sentence must comply with the 18 U.S.C. § 3553(a) sentencing factors and "applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The Sentencing Commission's policy statement, which was adopted before the FSA, requires both "extraordinary and compelling reasons" and that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(1) (U.S. Sentencing Comm. 2018).  The inmate bears the

8

burden to establish that compassionate release is warranted. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016). The district court is not required to investigate possible avenues for relief or to develop the record in support of a motion. United States v. Banderas, 39 F.4th 1059 (8th Cir. 2022).

Congress did not define what constitutes "extraordinary and compelling." 28 U.S.C. § 994(t). Rather, the Sentencing Commission was directed to promulgate "the criteria to be applied and a list of specific" extraordinary and compelling examples. Id. Prior to Congress passing the FSA, the Sentencing Commission limited "extraordinary and compelling reasons" to four scenarios which are the consideration of the defendant's (1) terminal illness, (2) debilitating physical or mental health condition, (3) advanced age and deteriorating health in combination with the amount of time served and (4) compelling family circumstances. Id. There was a fifth catch-all category for an "extraordinary and compelling reason other than, or in combination with, the reasons described" as determined by the Director of the Bureau of Prisons. U.S.S.G. § 1B1.13 cmt. n.1(D). These categories have not been updated since December 2018 when FSA became law.[4]

As a result, district courts are left to determine whether the policy statement of the Sentencing Commission that was in existence when the FSA was passed still applies. See Concepcion v. United States, 142 S. Ct. 2389,

---

[4] Until recently the United States Sentencing Commission lacked a quorum, and the newly established commission has not amended the United States Sentencing Guidelines.

9

2404 (2022) ("the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act").  The purpose of the First Step Act is to expand the availability of compassionate release based on judicial findings of extraordinary and compelling reasons without being restricted to those categories identified by the Sentencing Commission or the rationale used by the BOP before the passage of the First Step Act.  It is clear Congress wishes to "[i]ncreas[e] the [u]se . . . of [c]ompassionate [r]elease" by allowing district courts to grant petitions "consistent with applicable policy statements" from the Sentencing Commission.  See 18 U.S.C. § 3582(c)(1)(A).

May 11, 2023, marked the end of the federal COVID-19 public health emergency declaration.  https://www.cdc.gov/coronavirus/2019-ncov/your-health/end-of-phe.html (last visited June 12, 2023).  That does not mean the risks of severe illness or death from COVID-19 no longer exist.

Mr. Richard is 57 years old.  The CDC recognizes the risk of severe illness as a result of COVID-19 increases with age with older adults at higher risk.  https://www.cdc.gov/aging/covid19/index.html (last visited June 13, 2023).  "Most COVID-19 deaths occur in people older than 65."  Id.  "[T]he risk of death is 25 time higher in those ages 50-64" when compared with those under 29 years of age.  https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html (last visited June 13, 2023).

The CDC updated its understanding of the health conditions increasing the risk from COVID-19.  The CDC now states individuals with the following conditions can be more likely to become severely ill from COVID-19: asthma, cancer, cerebrovascular disease, chronic kidney disease, chronic lung diseases (including chronic obstructive pulmonary disease ("COPD") and pulmonary hypertension), certain chronic liver diseases, type 1 or type 2 diabetes, heart conditions (such as heart failure, coronary artery disease or cardiomyopathies), HIV infection, certain mental health conditions, dementia, obesity (with a BMI of 30 or higher), primary immunodeficiencies, being a current or former smoker and several others.  Id.

Mr. Richard has three of these conditions: diabetes, hypertension and obesity.  (Docket 99 at p. 13).  Mr. Richard's diabetes is being treated with metFORMIN HCl, glipiZIDE and Atorvastatin  Id. at p. 25.  Mr. Richard's hypertension is treated with medication and has been considered stable by his medical providers.  (Docket 99 at p. 26).  Mr. Richard's weight appears to be manageable and his BMI declining.  Id. at pp. 13-14.

The combination of Mr. Richard's age, type 2 diabetes, obesity and hypertension give the court pause that Mr. Richard is or might be at higher risk of a severe illness from COVID-19.  But on the other side of the issue, in January 2022, Mr. Richard tested positive for COVID-19 and remained asymptomatic throughout its course.  (Docket 99 at pp. 1-8).

The court is persuaded that Mr. Richard's prior asymptomatic course after a positive COVID-19 test in January 2022 cannot be ignored in evaluating whether extraordinary and compelling reasons warrant a reduction in his sentence. From the court's review of the medical records, Mr. Richard appears generally healthy. Apart from the COVID-19 testing and monitoring, most of his recent medical visits have been related to vision (bilateral myopic astigmatism), joint pain and stiffness (polyosteoarthritis) and a rotator cuff injury. (Docket 99 at p. 13). The court does not diminish Mr. Richard's health concerns. Nor does it deny the possibility Mr. Richard could contract the COVID-19 virus again in the future. Nevertheless, his medical conditions coupled with his age of 57 are not extraordinary and compelling reasons warranting release in the face of diminishing COVID-19 episodes.

**SECTION 3553(a) FACTORS**

Were the court to find Mr. Richard's medical conditions constitute extraordinary and compelling circumstances during this pandemic, the court must still consider whether compassionate release comports with the § 3553(a) factors. These include "the nature and circumstances of the offense and the history and characteristics of the defendant," among others. 18 U.S.C. § 3553(a). "[T]he history and characteristics of the defendant" require the court to consider the defendant as a whole person. Koon v. United States, 518 U.S. 81, 113 (1996).

In Mr. Richard's case, the nature and circumstances of his offense are serious. Mr. Richard's offense conduct involved having a year-long online relationship with a 16-year-old Minnesota girl. (Docket 73 ¶ 5). He traveled from California to Minnesota to pick up the runaway girl and planned to take her back to California where they were going to engage in sexual acts. Id. Fortunately, while at a gas station in Midland, South Dakota, the young lady changed her mind and sought help from her parents, by telephone, and law enforcement officers who took her into their care. Id. Pursuant to 18 U.S.C. § 2434(a), the offense of interstate transportation of a minor to engage in sexual activities carries a statutory mandatory minimum sentence of ten years and a maximum sentence of life. Id. ¶ 59.

Mr. Richard's criminal history includes the following felonies:

| | |
|---|---|
| 1995 | Oral copulation with a victim under 14 years of age. Id. ¶ 27; |
| 1995 | Sodomy with a victim under 18 years of age. Id.; |
| 1995 | Oral copulation with a victim under 18 years of age. Id.; |
| 2009 | Sexual battery. Id. ¶ 28; |
| 2009 | Failure to register as a sex offender. Id. ¶ 29; and |
| 2010 | Sexual battery. Id. ¶ 30. |

With this criminal history, at sentencing Mr. Richard was classified as "a repeat and dangerous sex offender against minors." Id. ¶ 32 n.1.

A psychosexual evaluation before sentencing by a highly respected psychologist in Rapid City, South Dakota, placed Mr. Richard at "a moderate-high risk level for future sexual offending." (Docket 75 at p. 12). The psychologist opined that his "opinion . . . this is a conservative estimate of his actual risk levels." Id.

Based on Mr. Richard's criminal conduct and these other factors, the court sentenced Mr. Richard to a term of incarceration of 293 months, at the top of the guideline range. (Docket 81). That sentence reflects the seriousness of his offense, provides appropriate punishment, promotes respect for the law and hopefully deters criminal conduct. To date, Mr. Richard served less than half of his sentence and is not scheduled for release until April 16, 2036. (Docket 99 at p. 455). The court concludes Mr. Richard's sentence of 293 months continues to be appropriate for the seriousness of the crime he committed.

The court carefully reviewed the submissions by Mr. Richard in support of his motion for compassionate release and considered the factors set forth in § 3553(a) and the policy statements issued by the Sentencing Commission to the extent they are applicable. Mr. Richard has not demonstrated "extraordinary and compelling reasons" warranting a reduction in his sentence.

**ORDER**

No good cause having been proven, it is

ORDERED that defendant's motion for compassionate release (Docket 97) is denied.

Dated July 13, 2023.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE